IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

BRANCH BANKING AND TRUST
COMPANY,

        Plaintiff,

v.                                                            Civil Action No.: 1:15cv146

341 CHESTNUT LLC, a West Virginia
limited liability company; EVAN M.
TAUBER, individually; ALEXANDER
C. CANDELARIO, individually;
MICHELLE TAUBER, individually; and
JEFFREY TAUBER, individually,

        Defendants.

## REPORT/RECOMMENDATION AND OPINION RECOMMENDING THAT PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT BE GRANTED

This matter before the Court is pursuant to Plaintiff Branch Banking and Trust Company's ("Plaintiff") "Motion for Default Judgment" [Doc. No. 28] filed on February 10, 2016, against Defendants Evan Tauber, Michelle Tauber, and Jeffrey Tauber ("Defendants"). District Court Judge Irene M. Keeley entered an Order on March 23, 2016, referring the pending motion to the undersigned for a Report and Recommendation (Doc. No. 34).

### I. Procedural History

On August 27, 2015, Plaintiff filed a Complaint against Defendants seeking to collect payment on two loans issued to Defendant 341 Chestnut LLC and Defendant Evan M. Tauber (Doc. No. 1). Defendants Alexander Candelario, Michelle Tauber, and Jeffrey Tauber were guarantees of the debt. Id.

On November 2, 2015, Plaintiff served on each Defendant its "First Set of Requests for Admissions and First Set of Interrogatories and Requests for Production of Documents" (Doc.

No. 10–15). On December 3, 2015, Defendants requested an extension of the deadline, which Plaintiff agreed to—the new deadline was therefore set as December 8, 2015. On that day, Defendants served responses to Plaintiff's Request for Admission denying each request but not providing any factual basis for doing so; however, Defendants did not serve responses to the First Set of Interrogatories and Requests for Production of Documents. Plaintiff, on December 18th and 22nd, tried to arrange a "meet and confer" with Defendants; Defendants' counsel indicated that he would speak to his clients but he did not offer a date when the responses would be served (Doc. No. 21 at 4). Plaintiff thereafter filed a motion to compel on January 5, 2016 (Doc. No. 21). Defendants never filed a response. On January 25, 2016, the Court granted Plaintiff's motion to compel ordering Defendants to respond to the discovery requests on or before February 1, 2016 (Doc. No. 25). The February 1st deadline passed without Defendants providing discovery nor responding to the Court's Order. Plaintiff on February 10, 2016, thus filed the pending motion for default judgment (Doc. No. 28). Defendants have not responded to the pending motion.

## II. Plaintiff's Motion for Default Judgment

Plaintiff requests for the Court to "enter default judgment against the [ ] Defendants . . . as a sanction for failure to respond to discovery requests and for failure to comply with the Court's orders regarding discovery." Id. at 3–4. Specifically, Plaintiff argues that Defendants' "noncompliance is materially affecting the Bank's ability to present its case" (Doc. No. 29 at 5). Because Defendants have denied all allegations, refused to provide any factual basis for their denial, failed to respond to the discovery requests, and failed to respond to the Court Order, Plaintiff states default judgment is warranted because Defendants are "simply stonewalling the Court and [Plaintiff]." Id. at 4. Furthermore, Plaintiffs argue that no less drastic sanction is

available because Defendants have disobeyed previous Court Orders that it would still leave Plaintiff in the position of needing to obtain information from Defendants to present its case. Id. at 6. Also, Plaintiff asserts default judgment is appropriate to deter such behavior of ignoring Court Orders from happening again. Id. at 5.

### III. Discussion

Federal Rule of Civil Procedure 37(b)(2)(A) governs sanctions for failure to cooperate in discovery pursuant to a court order:

> (A) If a party . . . fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following: (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims; (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (iii) striking pleadings in whole or in part; (iv) staying further proceedings until the order is obeyed; (v) dismissing the action or proceeding in whole or in part; (vi) *rendering a default judgment against the disobedient party*; or (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A) (emphasis added). Under this rule, courts have the authority to render default judgments when a party fails to comply with a discovery order as part of the courts' "comprehensive arsenal of Federal Rules and statutes to protect themselves from abuse." Chambers v. NASCO, Inc., 501 U.S. 32, 62 (1991).

The Fourth Circuit Court of Appeals has directed courts to consider four factors in deciding whether to impose such sanctions when a party fails to comply with a discovery order. See Belk v. Charlotte Mecklenburg Bd. of Educ., 269 F.3d 305, 348 (4th Cir. 2001) (citing Anderson v. Foundation for Advancement, Educ. & Employment of Am. Indians, 155 F.3d 500, 504 (4th Cir.1998)). These factors include: (1) whether the noncomplying party acted in bad faith; (2) the amount of prejudice his noncompliance caused his adversary, which necessarily

3

includes an inquiry into the materiality of the evidence he failed to produce; (3) the need for deterrence of the particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions. See Belk, 269 F.3d at 348; see also Mutual Federal Savings & Loan Association v. Richards & Associates, 872 F.2d 88, 92 (4th Cir. 1988); Wilson v. Volkswagen of Am., Inc., 561 F.2d 494, 503–04 (4th Cir. 1977). Only for "the most flagrant case[s], where the party's noncompliance represents bad faith and callous disregard for the authority of the district court and the Rules, will result in the extreme sanction of dismissal or judgment by default." Mutual Federal Savings, 872 F.2d at 92; see also Wilson, 561 F.2d at 504 ("In general, the drastic sanctions of . . . default are appropriate only where the noncomplying party's conduct represents such flagrant bad faith and callous disregard for his obligations under the Rules that the sanctions are warranted not merely to prevent prejudice to his current adversary, but also to deter those who might be tempted, in the future, to engage in similar misconduct").

Utilizing all four Belk factors, the undersigned concludes that default judgment is the appropriate sanction in this matter.

First, Defendants have acted in bad faith evidenced by their refusal to participate in discovery. For example, Defendants refused to answer Plaintiff's interrogatories, despite being given a time extension to do so; failed to turn over Initial Disclosures under Fed. R. Civ. P. 26(a)(1); and failed to follow this Court's Order mandating them to answer Plaintiff's discovery requests. Accordingly, Defendants' action, in the words of the Plaintiff, of "stonewalling" this Court demonstrates bad faith.

Second, Defendants repeated failure to participate in discovery has prejudiced Plaintiff as it affects its ability to present its case. By denying all allegations of Plaintiff's Complaint and refusing to provide any factual support for their denials, Plaintiff has not been allowed to further

4

its case to collect the owed amounts due under the two loans and guaranty agreements. Without providing any sort of response to Plaintiff's discovery request has put this case at a standstill because Plaintiff cannot proceed accordingly to make its claim.

Third, Defendants' willful noncompliance requires deterrence. Defendants failed to provide Initial Disclosures as required by the Federal Rules of Civil Procedure. Defendants also blatantly ignored this Court's Order when it required them to answer Plaintiff's discovery requests. Permitting such conduct to continue undermines both this Court's judicial power and the Federal Rules of Civil Procedure. Accordingly, deterrence is needed to ensure such behavior does not happen again.

Finally, less drastic sanctions, besides default judgment, found in Rule 37(b)(2)(A)(i) through (vii) would not be effective. Although the Court could deem the admissions admitted, the undersigned agrees with Plaintiff in that the admissions would have the same effect as default judgment thus ending the case. Next, prohibiting Defendants from supporting or opposing designated claims or defenses, from introducing designated matters in evidence, or striking pleadings in whole or in part would have no effect because Plaintiffs have not made any substantive defenses nor have made any pleadings besides general denials. Staying the proceedings pursuant to subsection (iv) would be ineffective because a stay would condone the delay that Defendants' noncompliance caused. Dismissing the case would have the same practical effect a default judgment order would render. And finally, an award of attorney fees would not have any helpful effect because Defendants have not obeyed previous Court Orders and Plaintiff would still be in the same position it is in now. Accordingly, default judgment is the only appropriate sanction left.

## IV. Conclusion

Accordingly, for the reasons herein stated, the undersigned **RECOMMENDS** that Plaintiff's "Motion for Default Judgment" [Doc. No. 28] be **GRANTED.** Clerk is directed to transmit copies of this Report and Recommendation to counsel of record.

Any party may, within fourteen (14) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the Honorable Irene M. Keeley United States District Judge. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

It is so **RECOMMENDED AND ORDERED.**

Date: March 24, 2016

MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE